GreeN, Judge,
delivered the opinion of the court:'
Plaintiff brings this suit to recover damages in the amount of $6,578.89 which it alleges it has sustained by reason of the cancellation by defendant of certain orders which it had given for steel sash.
*729 Counsel for defendant contend that the evidence shows that there was a settlement between plaintiff and defendant of this claim and that plaintiff was paid the full amount agreed upon and accepted it without objection. The evidence does show that defendant agreed to allow plaintiff a certain sum to compensate it, presumably for the damage sustained through the cancellation of the orders, and that this sum was paid. Further the evidence is silent. It is not necessary, however, that we should determine whether or not there was a complete settlement and an accepted payment thereunder. The plaintiff can not in any event be awarded damages, for there is no competent evidence of the amount thereof. The testimony offered by plaintiff is little more than a statement of what plaintiff claimed on the various items of its damage pertaining to the separate orders and is wholly unsatisfactory. The petition of plaintiff must therefore be dismissed.
There is no controversy over the facts relating to defendant’s counterclaim. After some correspondence in relation thereto plaintiff accepted an order for the terra cotta blocks which specified that they were to be paid for at a rate of $6.50 per ton f. o. b. cars at Baltimore. After receiving this order plaintiff shipped the blocks to defendant from Oneida, Ohio, by reason of which defendant paid $167.30 more freight than it would had the blocks been shipped from Baltimore. We think a fair construction of this order means that the price to be paid was to be determined on the basis of freight from Baltimore. If we are correct in this, it follows that defendant has overpaid plaintiff in the amount of the difference of the freight charges from Baltimore to Edgewood and Oneida to Edgewoocl.
The defendant asks judgment for interest on the amount of its recovery from the date when it paid the freight, but this amount was not paid to the plaintiff but to the railroad company. Moreover, the freight and the price of the blocks alone were paid without objection or any claim that the defendant did not owe the amount paid. More than six years afterwards, for the first time so far as anything appears in the evidence, the defendant made demand on the plaintiff through its counterclaim for repayment. Clearly it was not *730 entitled to interest prior to the time when the demand was made, and we think not then, for the defendant claimed it was entitled to all of the freight paid from Oneida to Edge-wood, and the question of whether it was entitled to recover any of it under the circumstances of the case and the correspondence which passed between the parties might fairly be raised. The defendant’s claim, therefore, is an unliqui-dated one upon which it is not entitled to interest until it is adjudicated to be valid.
In accordance with the above conclusions, judgment will be entered for the defendant in the sum of $167.30.
Williams, Judge; LittletoN, Judge; and Booth, Chief Justice, concur.
Whaley, Judge, did not hear this case and took no part in the decision thereof.